# MORRIS JAMES LLP

500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

**Richard K. Herrmann**
(302) 888-6816
rherrmann@morrisjames.com

**Mailing Address**
P.O. Box 2306
Wilmington, DE 19899-2306

July 16, 2007

**VIA E-FILING AND HAND DELIVERY**
The Honorable Sue L. Robinson
United States District Court
 District of Delaware
844 King Street
Wilmington, Delaware 19801

    Re: <u>Guardian Industries Corp., v. Innolux Display Corp.
       D.Del., C.A. No. 06-748</u>

Your Honor:

  Pursuant to Delaware District Court Local Rules, attached Your Honor will find the parties' joint proposed scheduling order. This draft is being provided to the Court in anticipation of the Rule 16 conference scheduled on July 18, 2007 at 8:30 a.m. eastern time. Your Honor will find alternative proposals, where the parties could not agree on dates or discovery limitations.

  The parties will call Chambers promptly at 8:30 a.m. on July 18th for the scheduling conference.

                Respectfully,

                Richard K. Herrmann

Enclosure
cc (w/encl.): Dr. Peter T. Dalleo, Clerk of the Court (via electronic filing)
      Steven J. Balick, Esquire (via electronic filing)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>INNOLUX DISPLAY CORP., )<br>)<br>Defendant. )<br>) | Case No.: 06-748-SLR<br><br>Jury Trial Demanded |

**ORDER**

At Wilmington this _____ day of July 2007, the Parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.**

The Parties will exchange by July 20, 2007, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. **Discovery.**

(a) Discovery will be needed on the following subjects:

At this time Guardian expects it will need discovery to support its claims of infringement, willful infringement, damages, and to rebut InnoLux's defenses and counterclaims. Guardian's required discovery will include discovery of InnoLux and its employees, agents, suppliers and customers relating to InnoLux's activities in selling, offering for sale, manufacturing, using, and/or importing infringing LCD products, as well as InnoLux's alleged inducement of infringement and contributory infringement.

At this time, InnoLux expects it will need discovery on the claims of infringement and willful infringement, validity, and enforceability of U.S. Patent Nos. 5,570,214; 5,694,187; 6,226,065; and 6,229,588, and on damages. That discovery will include discovery from plaintiff and certain non-parties.

The above lists of subjects are for the Court's planning purposes only and are not necessarily exclusive and will not form the basis for any restriction on subjects on which discovery shall be permitted. The above lists are also not an indication or finding by the Court, or an admission by any Party, that any particular discovery is (or is not) relevant or permissible.

(b) All fact discovery shall be commenced in time to be completed by [**Plaintiff's Proposal:** June 27, 2008; **Defendant's Proposal:** February 5, 2009].

    (1)    Document production shall be completed on or before [**Plaintiff's Proposal:** December 21, 2007; **Defendant's Proposal:** July 24, 2008]. Documents will be produced by both Parties in a timely manner throughout the document production period, not merely on this date.

    (2)    Maximum of 30 interrogatories by each Party to any other Party.

    (3)    In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (4)    Maximum of [**Plaintiff's Proposal:** 100; **Defendant's Proposal:** 25] requests for admission by each Party to any other Party, not including requests directed to the admissibility and authentication of documents and the proper translations of foreign documents.

    (5)    In the absence of agreement among the Parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the scheduled date for completion of document production.

  (6) **Plaintiff's Proposal**: Maximum of 100 deposition hours of fact and 30(b)(6) witnesses by each Party. Each deposition of an individual for whom English is their first language shall be made available for only one deposition of up to seven consecutive hours. Each deposition of an individual for whom English is not their first language shall be made available for only one deposition of up to one-and-one-half consecutive days (10.5 hours total). The length of time 30(b)(6) designees shall be available for examination will be determined by the Parties at the time the deposition is noticed, taking into consideration the number of topics to be addressed. The limits on the length of depositions may be modified by agreement of the Parties or by the order of the Court, for good cause shown.

  **Defendant's Proposal**: Maximum of 160 deposition hours of fact and 30(b)(6) witnesses by each Party.

(c) Expert discovery shall be commenced in time to be completed by [**Plaintiff's Proposal**: September 26, 2008; **Defendant's Proposal**: April 23, 2009].

  (1) Expert reports on issues for which the Parties have the burden of proof are due [**Plaintiff's Proposal**: July 25, 2008; **Defendant's Proposal**: February 19, 2009]. Rebuttal expert reports are due [**Plaintiff's Proposal**: August 22, 2009; **Defendant's Proposal**: March 19, 2009].

  (2) **Plaintiff's Proposal**: Each expert deposition is limited to a maximum of 7 hours per expert, unless extended by agreement of the Parties. The length of expert depositions may be modified by agreement of the Parties or by the order of the Court, for good cause shown.

  **Defendant's Proposal**: Expert depositions shall be limited to a maximum of 60 hours per party unless extended by agreement of the parties.

  (3) All Daubert motions shall be filed on or before the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d) If willfulness has been asserted and absent agreement among the parties, InnoLux must inform Guardian as to whether it intends to rely on advice of counsel by [**Plaintiff's Proposal**: February 1, 2008; **Defendant's Proposal**: December 18, 2008]. If the

decision is to rely on such advice, the scope of discovery shall include the materials provided by InnoLux to its counsel and whatever other materials related to the issues in dispute that InnoLux had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) shall take place in a timely manner throughout discovery, but at the very least shall be made on [**Plaintiff's Proposal:** December 21, 2007 and May 2, 2008; **Defendant's Proposal:** March 28, 2008 and November 11, 2008].

(f) Discovery Disputes.

(1) The court shall conduct an in-person discovery status conference on [this date or a date as close thereto as the Court's calendar permits: **Plaintiff's Proposal:** January 16, 2008; **Defendant's Proposal:** August 7, 2008], at 4:30 p.m., the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be called at trial.** Within one (1) month following the close of expert discovery, each Party shall serve on the other Parties a list including each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each Party shall serve a list of each rebuttal fact witness that it intends to call at trial. The Parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition(s) shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to

twenty (20) hours per side in the aggregate unless extended by agreement of the Parties or upon order of the Court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other Parties and amend the pleadings shall be filed on or before [**Plaintiff's Proposal:** January 18, 2008; **Defendant's Proposal:** June 26, 2008].

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, the Parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) on [**Plaintiff's Proposal:** February 8, 2008; **Defendant's Proposal:** September 18, 2008]. This document will not be filed with the Court. Subsequent to exchanging such lists, the Parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before [**Plaintiff's Proposal:** October 17, 2008; **Defendant's Proposal:** June 4, 2009]. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days before the above date without leave of Court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The Parties shall agree upon and file the Joint Claim Construction Statement on [**Plaintiff's Proposal:** September 26, 2008; **Defendant's Proposal:** April 9, 2009], with the claim chart separately docketed. The Parties will file simultaneous opening claim construction briefs on [**Plaintiff's Proposal:** October 17, 2008; **Defendant's Proposal:** June 4, 2009]. Simultaneous response briefs should be filed by [**Plaintiff's Proposal:** November 14, 2008; **Defendant's Proposal:** June 25, 2009]. Issues of claim construction shall be considered by the Court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on [this date or a date as close thereto as the Court's calendar permits: **Plaintiff's Proposal:** December 19, 2008; **Defendant's Proposal:** July 18, 2009].

8. **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the Court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any Party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine.** No motions in limine shall be filed; instead, the Parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on [this date or a date as close thereto as the Court's calendar permits: **Plaintiff's Proposal:** April 10, 2009; **Defendant's Proposal:** August 20, 2009], at 8:30 a.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a 10 day jury trial commencing on [this date or a date as close thereto as the Court's calendar permits: **Plaintiff's Proposal:** May 4, 2009; **Defendant's Proposal:** September 14, 2009] in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the Parties should plan on being allocated a total number of hours in which to present their respective cases.

 

_____
Honorable Sue L. Robinson
United States District Judge