IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., | ) |
| Plaintiff, | ) Case No.: 06-748-SLR |
| v. | ) Jury Trial Demanded |
| INNOLUX DISPLAY CORP., | ) |
| Defendant. | ) |

ORDER

At Wilmington this 16th day of August 2007, the Parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.**

The Parties will exchange by July 20, 2007, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. **Discovery.**

(a) Discovery will be needed on the following subjects:

At this time Guardian expects it will need discovery to support its claims of infringement, willful infringement, damages, and to rebut InnoLux's defenses and counterclaims. Guardian's required discovery will include discovery of InnoLux and its employees, agents, suppliers and customers relating to InnoLux's activities in selling, offering for sale, manufacturing, using, and/or importing infringing LCD products, as well as InnoLux's alleged inducement of infringement and contributory infringement.

At this time, InnoLux expects it will need discovery on the claims of infringement and willful infringement, validity, and enforceability of U.S. Patent Nos. 5,570,214; 5,694,187; 6,226,065; and 6,229,588, and on damages. That discovery will include discovery from the plaintiff and certain non-parties.

The above lists of subjects are for the Court's planning purposes only and are not necessarily exclusive and will not form the basis for any restriction on subjects on which discovery shall be permitted. The above lists are also not an indication or finding by the Court, or an admission by any Party, that any particular discovery is (or is not) relevant or permissible.

(b)   All fact discovery shall be commenced in time to be completed by November 7, 2008.

(1)   Document production shall be completed on or before May 7, 2008. Documents will be produced by both Parties in a timely manner throughout the document production period, not merely on this date.

(2)   Maximum of 30 interrogatories by each Party to any other Party.

(3)   In the absence of agreement among the Parties, contention interrogatories, if filed, shall first be addressed by the Party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each Party provides; i.e., the more detail a Party provides, the more detail a Party shall receive.

(4)   Maximum of 60 requests for admission by each Party to any other Party, not including requests directed to the admissibility and authentication of documents and the proper translations of foreign documents.

(5)   In the absence of agreement among the Parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the scheduled date for completion of document production. This limitation does not apply to third party discovery.

(6) Maximum of 130 deposition hours of fact and 30(b)(6) witnesses by each Party. Each deposition of an individual for whom English is their first language shall be made available for only one deposition of up to seven consecutive hours. Each deposition of an individual for whom English is not their first language shall be made available for only one deposition of up to ten consecutive hours, to take place on consecutive days. The length of time 30(b)(6) designees shall be available for examination will be determined by the Parties at the time the deposition is scheduled, taking into consideration the number of topics to be addressed by the designee. The limits on the length of depositions may be modified by agreement of the Parties or by order of the Court, for good cause shown.

(c) Expert discovery shall be commenced in time to be completed by January 30, 2009.

(1) Expert reports on issues for which the Parties have the burden of proof are due November 21, 2008. Rebuttal expert reports are due December 19, 2008.

(2) Expert Depositions shall be limited to a maximum of 9 hours per each expert witness unless extended by agreement of the Parties.

(3) All Daubert motions shall be filed on or before the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d) If willfulness has been asserted and absent agreement among the Parties, InnoLux must inform Guardian as to whether it intends to rely on advice of counsel by August 1, 2008. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by InnoLux to its counsel and whatever other materials related to the issues in dispute that InnoLux had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) shall take place in a timely manner throughout discovery, but at the very least shall be made on January 9, 2008 and September 16, 2008.

    (f)    Discovery Disputes.

        (1)    The Court shall conduct an in-person discovery status conference on January 14, 2008 beginning at 4:30 p.m., the time to be allocated equally among the Parties. **No motions to compel or motions for protective order shall be filed absent approval of the Court.**

        (2)    The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

        (3)    Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

    (g)    **Fact Witnesses to be called at trial.** Within one (1) month following the close of expert discovery, each Party shall serve on the other Parties a list including each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each Party shall serve a list of each rebuttal fact witness that it intends to call at trial. The Parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition(s) shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the Parties or upon order of the Court upon good cause shown.

    3.    **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other Parties and amend the pleadings shall be filed on or before May 1, 2008. The Parties agree that third party discovery may be conducted at any time during the discovery period.

4.  **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.  **Claim Construction Issue Identification.** If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, the Parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) on February 29, 2008. This document will not be filed with the Court. Subsequent to exchanging such lists, the Parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.  **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before February 17, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days before the above date without leave of Court.

7.  **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

8.  The Parties shall agree upon and file the Joint Claim Construction Statement on January 20, 2009, with the claim chart separately docketed. The Parties will file simultaneous opening claim construction briefs on February 17, 2009. Simultaneous response briefs should be filed by March 19, 2009. Issues of claim construction shall be considered by the Court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on April 17, 2009, beginning at 9:30 a.m.

9. **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the Court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1**.

(b) No telephone calls shall be made to chambers.

(c) Any Party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

10. **Motions in Limine.** No motions in limine shall be filed; instead, the Parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11. **Pretrial Conference.** A pretrial conference will be held on June 25, 2009 beginning at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

12.     **Trial.**  This matter is scheduled for a 10 day jury trial commencing on July 20, 2009 in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the Parties should plan on being allocated a total number of hours in which to present their respective cases.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Honorable Sue L. Robinson
　　　　　　　　　　　　　　　　　　　United States District Judge