# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-748-SLR |
| ) | |
| INNOLUX DISPLAY CORP., ) | |
| ) | |
| Defendant. ) | |

## STIPULATION BETWEEN GUARDIAN INDUSTRIES CORPORATION AND INNOLUX DISPLAY CORPORATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("E-DISCOVERY") AND FORMAT OF DOCUMENT PRODUCTION

WHEREAS, this action was commenced on December 8, 2006 by Guardian Industries Corporation ("Guardian") against defendant InnoLux Display Corporation ("InnoLux");

WHEREAS, the Delaware District Court Default Standard for Discovery of Electronically Stored Information ("E-Discovery") states that the parties are expected to cooperatively reach agreement on how to conduct e-discovery prior to the Federal Rule of Civil Procedure 16 scheduling conference;

WHEREAS, Guardian and InnoLux have reached agreement on the terms of an appropriate Protective Order; Guardian and InnoLux have also agreed to a protocol to govern e-discovery and the format of documents to be produced in this case;

WHEREAS, Guardian and InnoLux do not intend for this stipulation to establish a procedure for future cases;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN GUARDIAN AND INNOLUX, THROUGH THEIR RESPECTIVE COUNSEL AND SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

A. **Format of Production.**

1. Guardian and InnoLux shall produce all non-privileged, responsive electronic documents as text-searchable .TIFF images.

2. The .TIFF files shall be delivered to opposing counsel on CD, DVD, or a portable hard drive. Each piece of media will be identified by a unique media control number.

3. All images shall be produced as either multipage .TIFF files named after the beginning Bates number for each document (*e.g.*, IDC0001.tif, IDC0005.tif, etc.) or single-page .TIFF files named for the Bates number for each page of the documents (*e.g.*, IDC0001.tif, IDC0002.tif, IDC0003.tif, etc.). All reasonably necessary load files and document mapping files associated with the .TIFF files shall be produced as well. The parties will determine at a later time the format and content of the load files and document mapping files to be produced.

4. After one party produces electronic documents in text searchable .TIFF format, the other party may request that the party produce certain of the electronic documents in native format. The requesting party must demonstrate a particularized need for the electronic document in native format before the electronic document shall be so produced; however, a showing of particularized need shall not be required for a request for production in native format of a spreadsheet of information relevant to damages. The parties shall negotiate in good faith regarding the production of documents in native format. If the parties are unable to reach agreement regarding production in native format, the requesting party may apply to the Court for such production in accordance with the Court's rules regarding motions pursuant to Fed. R. Civ. P. 37.

B. **Timing of E-Discovery.**

1. Discovery of electronically stored information shall proceed in a sequenced fashion.

2. After receiving requests for production under Fed. R. Civ. P. 34, the parties shall search their electronically stored information,

{00203245;v1}    2

        other than that identified as not reasonably accessible due to undue burden and/or substantial cost, and produce non-privileged, responsive information in accordance with Fed. R. Civ. P. 26(b).

    3.     Electronic searches of information identified as not reasonably accessible shall not be conducted until the initial search has been completed. Requests for electronically stored information that is not reasonably accessible must be narrowly focused with good cause supporting the request. *See* Fed. R. Civ. P. 26(b)(2), Advisory Committee Notes, December 2006 Amendment (good cause factors).

**C.**     **Privilege.**

    1.     A party may claim privilege or work product protection for material that it has inadvertently produced by giving the requesting party written notice identifying the material and the basis for the claim. Once notified, the requesting party must immediately return or destroy the specified information and any copies it has, and may not use or disclose the information.

    2.     Electronically stored information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

**D.**     **Protection From Disclosure.**

The parties shall take reasonable precautions to protect the disclosure of documents produced in .TIFF format, consistent with the obligations of the Protective Order in this case.

**E.**     **Costs**

Generally, the costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause.

**F.**     **Miscellaneous Matters**

    1.     Nothing herein shall constitute any agreement that a document is authentic or admissible at trial. The parties shall meet and confer on such issues at a later time.

    2.     Should any part of this Stipulation prove to be unworkable or cause undue delay, the parties agree to meet and confer to try to resolve any issues.

| MORRIS JAMES HITCHENS & WILLIAMS LLP | ASHBY & GEDDES |
|---|---|
| /s/ *Richard K. Hermann* | /s/ *Lauren E. Maguire* |
| Richard K. Hermann (I.D. #405)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, Delaware 198001<br>Tel: 302-888-6800<br>Fax: 302-571-1750<br>rherrmann@morrisjames.com<br><br>*Attorneys for Guardian Industries Corporation* | Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. 2403)<br>Lauren E. Maguire (I.D. #4261)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Tel:  302-654-1888<br>Fax:  302-654-2067<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br><br>*Attorneys for InnoLux Display Corporation* |

SO ORDERED this _____ day of _____ 2008.

_____
United States District Judge