IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INNOLUX DISPLAY CORP., )<br>)<br>Defendant. ) | C.A. No. 06-748-SLR |

## **STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 15(a), that defendant can file an amended answer and counterclaims in the above action, in the form attached hereto.

| MORRIS JAMES LLP | ASHBY & GEDDES |
|---|---|
| */s/ Richard K. Herrmann* | */s/ Steven J. Balick* |
| _____ | _____ |
| Richard K. Herrmann (I.D. #405) | Steven J. Balick (I.D. #2114) |
| 500 Delaware Avenue, Suite 1500 | John G. Day (I.D. # 2403) |
| P.O. Box 2306 | Lauren E. Maguire (I.D. #4261) |
| Wilmington, DE 19801 | 500 Delaware Avenue, 8th Floor |
| 302-888-6800 | P.O. Box 1150 |
| *Attorneys for Plaintiff* | Wilmington, DE 19899 |
| | 302-654-1888 |
| | *Attorneys for Defendant* |

Dated: May 9, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GUARDIAN INDUSTRIES CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-748-SLR |
| INNOLUX DISPLAY CORP., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**DEFENDANT INNOLUX DISPLAY
CORPORATION'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO COMPLAINT, AND DEMAND FOR JURY TRIAL**

Defendant InnoLux Display Corporation ("InnoLux") hereby submits this amended answer, defenses, and counterclaims to the Complaint for Patent Infringement ("Complaint") (D.I. 1) filed by Guardian Industries Corporation ("Guardian" or "Plaintiff").

## I. ANSWER

InnoLux responds to Guardian's Complaint as follows. To the extent not specifically admitted in the following paragraphs, the allegations of the Complaint are denied:

### NATURE OF THE ACTION

1. InnoLux admits that Guardian alleges an action for patent infringement, but InnoLux denies any liability for the alleged infringement. InnoLux lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 1 of the Complaint, and therefore denies those allegations.

2. InnoLux admits that the patents-in-suit generally relate to specific Liquid Crystal Displays ("LCDs") and that an LCD is a type of flat panel display that is used in some computer monitors. InnoLux denies all remaining allegations in Paragraph 2 of the Complaint.

3. InnoLux admits that U.S. Patent No. 5,570,214 (the "'214 Patent") bears the title "NORMALLY WHITE TWISTED NEMATIC LCD WITH RETARDATION FILMS ON OPPOSITE SIDES OF LIQUID CRYSTAL MATERIAL FOR IMPROVED VIEWING ZONE." InnoLux is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegation in Paragraph 3 of the Complaint and on that basis denies that allegation.

4. InnoLux admits that U.S. Patent No. 5,694,187 (the "'187 Patent") bears the title "LCD INCLUDING A NEGATIVE BIAXIAL RETARDER ON EACH SIDE OF THE LIQUID CRYSTAL LAYER." InnoLux is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegation in Paragraph 4 of the Complaint and on that basis denies that allegation.

5. InnoLux admits that U.S. Patent No. 6,226,065 (the "'065 Patent") bears the title "LIQUID CRYSTAL DISPLAY HAVING HIGH CONTRAST VIEWING ZONE CENTERED IN POSITIVE OR NEGATIVE VERTICAL REGION." InnoLux is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegation in Paragraph 5 of the Complaint and on that basis denies that allegation.

6. InnoLux admits that U.S. Patent No. 6,229,588 (the "'588 Patent") bears the title "NORMALLY WHITE LCD INCLUDING FIRST AND SECOND BIAXIAL RETARDERS." InnoLux is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegation in Paragraph 6 of the Complaint and on that basis denies that allegation.

7. InnoLux admits that Guardian alleges an action for patent infringement. InnoLux denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the '214

Patent, the '187 Patent, the '065 Patent, or the '588 Patent (collectively, the "patents-in-suit"). InnoLux lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 7 of the Complaint, and therefore denies those allegations.

8.      InnoLux lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies those allegations.

9.      InnoLux lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies those allegations.

## THE PARTIES

10.     InnoLux admits that it is a corporation organized under the laws of Taiwan R.O.C., with its principal place of business at No. 160, Kesyue Rd., Jhunan Science Park, Miaoli County 350, Taiwan R.O.C.  InnoLux denies the remaining allegations of Paragraph 10 of the Complaint.

11.     InnoLux admits that it sells certain LCD products that include Super Wide View ("WV-SA") film manufactured by Fuji Photo Film Co., Ltd.  InnoLux admits that it sells certain LCD products that include Excellent Wide View ("WV-EA") film manufactured by Fuji Photo Film Co., Ltd.  InnoLux denies the remaining allegations of Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.     InnoLux admits that this Court has subject matter jurisdiction over cases filed under at least 28 U.S.C. § 1338(a).  InnoLux otherwise denies the allegations set forth in Paragraph 12 of the Complaint.

13.     For purposes of this action only, InnoLux does not contest personal jurisdiction by this Court over InnoLux.  InnoLux otherwise denies the allegations set forth in Paragraph 13 of the Complaint.

14. For purposes of this action only, InnoLux does not challenge venue in this Judicial District. InnoLux otherwise denies the allegations set forth in Paragraph 14 of the Complaint.

## COUNT I – INFRINGEMENT OF THE '214 PATENT

15. No new allegation is contained within Paragraph 15 of the Complaint and a new response by InnoLux is not necessary. InnoLux incorporates by reference its responses herein to Paragraphs 1 through 14 of the Complaint, as though fully set forth herein.

16. InnoLux admits that the '214 Patent bears the issue date of October 29, 1996. InnoLux further admits that a copy of the '214 Patent was attached to the Complaint as Exhibit 1. InnoLux lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 16 of the Complaint, and therefore denies those allegations.

17. InnoLux denies the allegations of Paragraph 17.

18. InnoLux denies the allegations of Paragraph 18.

19. InnoLux admits that it received a copy of a letter dated August 25, 2005 from Robert Gorlin of Guardian Industries Corporation that enclosed a copy of a January 2005 complaint that Guardian filed against Dell, Inc. and others. InnoLux otherwise denies the allegations set forth in Paragraph 19 of the Complaint.

20. InnoLux denies the allegations of Paragraph 20.

## COUNT II – INFRINGEMENT OF THE '187 PATENT

21. No new allegation is contained within Paragraph 21 of the Complaint and a new response by InnoLux is not necessary. InnoLux incorporates by reference its responses herein to Paragraphs 1 through 14 of the Complaint, as though fully set forth herein.

22. InnoLux admits that the '187 Patent bears the issue date of December 2, 1997. InnoLux further admits that a copy of the '187 Patent was attached to the Complaint as Exhibit 2.

InnoLux lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 22 of the Complaint, and therefore denies those allegations.

23. InnoLux denies the allegations of Paragraph 23.

24. InnoLux denies the allegations of Paragraph 24.

25. InnoLux admits that it received a copy of a letter dated August 25, 2005 from Robert Gorlin of Guardian Industries Corporation that enclosed a copy of a January 2005 complaint that Guardian filed against Dell, Inc. and others. InnoLux otherwise denies the allegations set forth in Paragraph 25 of the Complaint.

26. InnoLux denies the allegations of Paragraph 26.

### COUNT III – INFRINGEMENT OF THE '065 PATENT

27. No new allegation is contained within Paragraph 27 of the Complaint and a new response by InnoLux is not necessary. InnoLux incorporates by reference its responses herein to Paragraphs 1 through 14 of the Complaint, as though fully set forth herein.

28. InnoLux admits that the '065 Patent bears the issue date of May 1, 2001. InnoLux further admits that a copy of the '065 Patent was attached to the Complaint as Exhibit 3. InnoLux lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 28 of the Complaint, and therefore denies those allegations.

29. InnoLux denies the allegations of Paragraph 29.

30. InnoLux denies the allegations of Paragraph 30.

31. InnoLux admits that it received a copy of a letter dated August 25, 2005 from Robert Gorlin of Guardian Industries Corporation that enclosed a copy of a January 2005 complaint that Guardian filed against Dell, Inc. and others. InnoLux otherwise denies the allegations set forth in Paragraph 31 of the Complaint.

32. InnoLux denies the allegations of Paragraph 32.

5

## COUNT IV – INFRINGEMENT OF THE '588 PATENT

33. No new allegation is contained within Paragraph 33 of the Complaint and a new response by InnoLux is not necessary. InnoLux incorporates by reference its responses herein to Paragraphs 1 through 14 of the Complaint, as though fully set forth herein.

34. InnoLux admits that the '588 Patent bears the issue date of May 8, 2001. InnoLux further admits that a copy of the '588 Patent was attached to the Complaint as Exhibit 4. InnoLux lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 34 of the Complaint, and therefore denies those allegations.

35. InnoLux denies the allegations of Paragraph 35.

36. InnoLux denies the allegations of Paragraph 36.

37. InnoLux admits that it received a copy of a letter dated August 25, 2005 from Robert Gorlin of Guardian Industries Corporation that enclosed a copy of a January 2005 complaint that Guardian filed against Dell, Inc. and others. InnoLux otherwise denies the allegations set forth in Paragraph 37 of the Complaint.

38. InnoLux denies the allegations of Paragraph 38.

## INNOLUX'S RESPONSE TO GUARDIAN'S PRAYER FOR RELIEF

InnoLux denies that Guardian is entitled to either the relief requested in the Complaint or any other relief.

### II.  DEFENDANT INNOLUX'S AFFIRMATIVE DEFENSES TO GUARDIAN'S COMPLAINT

InnoLux asserts the following affirmative defenses to Guardian's Complaint:

### AFFIRMATIVE DEFENSE – NON-INFRINGEMENT AND/OR INVALIDITY

39. Each claim of the '214 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

40. Each claim of the '187 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

41. Each claim of the '065 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

42. Each claim of the '588 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

### AFFIRMATIVE DEFENSE – SETTLEMENTS AND/OR LICENSES

43. To the extent that any of Guardian's allegations of infringement are premised on the alleged manufacture, importation, use, offer for sale, or sale of products that are licensed under the patents-in-suit, such allegations are barred pursuant to license.

44. To the extent that any of Guardian's allegations of infringement are premised on an alleged transaction with an entity that has entered into a settlement (or license) agreement with Guardian, Guardian is barred from recovering at least the amounts Guardian received from the settling party (or licensee) that are attributable to any alleged transactions with InnoLux.

### ADDITIONAL AFFIRMATIVE DEFENSES

45. InnoLux reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Additionally, InnoLux reserves the right to amend or seek to amend its answer and/or any of its affirmative defenses.

### III.     DEFENDANT INNOLUX'S COUNTERCLAIMS
### THE PARTIES

46. InnoLux Display Corporation ("InnoLux") is a corporation organized under the laws of Taiwan R.O.C., with its principal place of business at No. 160, Kesyue Rd., Jhunan Science Park, Miaoli County 350, Taiwan R.O.C.

47.     On information and belief, Guardian Industries Corporation ("Guardian") is a corporation organized under the laws of Delaware, with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan, 48326-1714.

48.     Guardian has brought a lawsuit against InnoLux in this District alleging that InnoLux infringes U.S. Patent No. 5,570,214 (the "'214 Patent"), U.S. Patent No. 5,694,187 (the "'187 Patent"), U.S. Patent No. 6,226,065 (the "'065 Patent"), and U.S. Patent No. 6,229,588 (the "'588 Patent") (collectively, the "patents-in-suit").

49.     InnoLux denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the patents-in-suit, and, through these Counterclaims, seeks declaratory relief.

## JURISDICTION AND VENUE

50.     Jurisdiction in this action is proper under 28 U.S.C. §§ 1367, 1338(a), 2201, and 2202.

51.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## COUNT I – DECLARATORY RELIEF REGARDING NON-INFRINGEMENT AND/OR INVALIDITY OF THE '214 PATENT

52.     InnoLux hereby repeats and incorporates by reference Paragraphs 46-51 above.

53.     An immediate, real, and justiciable controversy exists and is ongoing between Guardian and InnoLux as to whether InnoLux infringes any valid and enforceable claim of the '214 Patent.

54.     Each claim of the '214 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

55.     InnoLux requests a declaration that each claim of the '214 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

8

**COUNT II – DECLARATORY RELIEF REGARDING NON-INFRINGEMENT AND/OR INVALIDITY OF THE '187 PATENT**

56. InnoLux hereby repeats and incorporates by reference Paragraphs 46-51 above.

57. An immediate, real, and justiciable controversy exists and is ongoing between Guardian and InnoLux as to whether InnoLux infringes any valid and enforceable claim of the '187 Patent.

58. Each claim of the '187 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

59. InnoLux requests a declaration that each claim of the '187 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

**COUNT III – DECLARATORY RELIEF REGARDING NON-INFRINGEMENT AND/OR INVALIDITY OF THE '065 PATENT**

60. InnoLux hereby repeats and incorporates by reference Paragraphs 46-51 above.

61. An immediate, real, and justiciable controversy exists and is ongoing between Guardian and InnoLux as to whether InnoLux infringes any valid and enforceable claim of the '065 Patent.

62. Each claim of the '065 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

63. InnoLux requests a declaration that each claim of the '065 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

**COUNT IV – DECLARATORY RELIEF REGARDING NON-INFRINGEMENT AND/OR INVALIDITY OF THE '588 PATENT**

64. InnoLux hereby repeats and incorporates by reference Paragraphs 46-51 above.

65. An immediate, real, and justiciable controversy exists and is ongoing between Guardian and InnoLux as to whether InnoLux infringes any valid and enforceable claim of the '588 Patent.

66. Each claim of the '588 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

67. InnoLux requests a declaration that each claim of the '588 Patent is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code.

## DEMAND FOR JURY TRIAL

68. Pursuant to Federal Rule of Civil Procedure 28, InnoLux hereby demands a trial by jury as to all issues of fact in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, InnoLux prays that:

(a) Guardian's Complaint against InnoLux be dismissed, with prejudice;

(b) Judgment be entered in favor of InnoLux declaring that each claim of the patents-in-suit is not infringed and/or is invalid under one or more provisions of Title 35 of the United States Code;

(c) Judgment be entered in favor of InnoLux and against Guardian declaring that this is an exceptional case and awarding InnoLux its attorneys' fees and costs under 35 U.S.C. § 285; and

(d) InnoLux be awarded any such other and further relief as is just and proper.

                    ASHBY & GEDDES

                    /s/ *Steven J. Balick*

                    _____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant*
*InnoLux Display Corporation*

*Of Counsel:*

Roderick R. McKelvie (*pro hac vice*)
Richard L. Rainey (*pro hac vice*)
David A. Garr (*pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel:  202-662-6000
Fax:  202-662-6291

Scott A. Schrader (*pro hac vice*)
Deanna L. Kwong (*pro hac vice*)
COVINGTON & BURLING LLP
One Front Street, Floor 35
San Francisco, CA 94111
Tel:   415-591-6000
Fax:  415-591-6091

Dated:  May 9, 2008